IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TYRONE DUNSTON,                      )
                        Plaintiff,   )
                                     )          Civil Action No. 13-215J
        vs.                          )          Magistrate Judge Maureen P. Kelly
                                     )
C/O B. WHITACRE; LT. R. BAKOS;       )
C/O R. WEAVER; C/O LAUER;            )          Re: ECF No. 63
SGT. HAER,                           )
                        Defendants.  )

MEMORANDUM ORDER

Plaintiff, Tyrone Dunston, is an inmate in the custody of the Pennsylvania Department

of Corrections and is currently incarcerated at the State Correctional Institution at Somerset

("SCI Somerset"). Plaintiff has presented a civil rights complaint, which he has been granted

leave to prosecute without prepayment of costs, against Defendants C/O B. Whitacre, Lt. R.

Bakos, C/O R. Weaver, C/O Lauer and Sgt. Haer, all of whom are employed at SCI Somerset.

Plaintiff alleges that on March 29, 2013, while he was incarcerated at that facility, Defendants

used excessive force against him in violation of his rights provided by the Eighth Amendment to

the United States Constitution.

Presently before this Court is Plaintiff's Motion for Preliminary Injunction and/or

Temporary Restraining Order.[1] ECF No. 63. Plaintiff asks the Court to issue an order directing

that Plaintiff be housed in a different facility than SCI Somerset until the case has been resolved

because he "feel[s] like the Defendants' friends [are] going to do something to him," and he

doesn't feel safe at SCI Somerset.

---

[1] As pointed out by Defendants, because the Court did not issue a temporary restraining order prior to notifying
Defendants of Plaintiff's request for preliminary injunctive relief, Plaintiff's request is properly construed as a
motion for preliminary injunction. See Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary and drastic remedy that "should not be lightly indulged in, but used sparingly and only in a clear and plain case." Emile v. SCI-Pittsburgh, 2006 WL 2773261, at *6 (W.D. Pa. Sept. 24, 2006), *quoting* Plain Dealer Publ'g Co. v. Cleveland Typographical Union #53, 520 F.2d 1220, 1230 (6th Cir. 1975). See AT&T v. Winback and Conserve Prog. Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994). "[G]reat caution" and "judicial restraint" are particularly called for in the prison context where "complex and intractable problems of prison administration" are implicated. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). See Bailey v. Gagnon, 2009 WL 982694, at *1 (W.D. Pa. April 9, 2009).

In determining whether a preliminary injunction is warranted, the District Court is to consider "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party, and (4) whether the relief is in the public interest." Monroe v. Bryan, 2012 WL 2478375, at *1 (3d Cir. June 29, 2012), *quoting* Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002). See Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998) (for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction, he must demonstrate both a reasonable likelihood of success on the merits and that he will be irreparably harmed if the requested relief in not granted). The facts, however, must demonstrate more than a mere risk that irreparable harm will occur; there must be a clear showing of immediate or actual irreparable injury. Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 359 (3d Cir. 1980) (internal quotations and citations omitted). See Id., *quoting* Holiday Inns of America, Inc. v. B&B Corp., 409 F.2d 614, 618 (3d Cir. 1969) ("(an injunction) may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights . . . "). Moreover, it is the movant's burden to show that the

preliminary injunction is "the only way of protecting the plaintiff from harm." Emile v. SCI-Pittsburgh, 2006 WL 2773261, at *6, *quoting* Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted).

Here, Plaintiff has not met his burden of establishing that he faces immediate irreparable harm if preliminary relief is not granted. Plaintiff has not alleged or presented any facts that would show he is housed in an area at SCI Somerset where he has contact with Defendants or any of their "friends;" that Defendants and/or their friends have sought out Plaintiff; or that Defendants and/or their friends have threatened to harm Plaintiff or had any communication with him at all. Indeed, Plaintiff was not even incarcerated at SCI Somerset when he submitted the instant Motion and thus could not have come into contact with or been threatened by Defendants or their friends when he sought injunctive relief. See ECF Nos. 63-1; 64. Plaintiff's Motion therefore is clearly based on his subjective feeling that he would not be safe at SCI Somerset. The fact that Plaintiff may feel safer being housed in another facility, however, does not establish that he faces any harm, much less immediate irreparable harm, by being incarcerated at SCI Somerset. Plaintiff's Motion therefore is properly denied. Accordingly, the following Order is entered:

AND NOW, this 5th day of September, 2014, IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction, ECF No. 63, is DENIED without prejudice.

BY THE COURT

/s/ Maureen P. Kelly
MAUREEN P. KELLY
United States Magistrate Judge

cc: Tyrone Dunston
KB-4995
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510

All counsel of record via CM/ECF